GARY M. RESTAINO
United States Attorney
District of Arizona

JOSEPH F. BOZDECH
California State Bar Number 303453
Assistant United States Attorney
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Email: joseph.bozdech@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>FNH USA, LLC M249S Rifle CAL:556, Serial Number M249SA09203,<br><br>　　　　　Defendant *in Rem*. | CV 23-02416-PHX-ROS<br><br>**MOTION FOR DEFAULT JUDGMENT OF FORFEITURE** |

Pursuant to Rule 55 of the Federal Rules of Civil Procedure and Supplemental Rule G(5)(a), the United States of America moves for a default judgment regarding the interests of James Florencio, Alpha Dog Firearms, and all others in defendant FNH USA, LLC M249S Rifle CAL:556, Serial Number M249SA09203 (the "defendant property"). This request is based upon the failure of James Florencio, Alpha Dog Firearms, and all others to answer or otherwise plead as required by law. As evidenced in this Application and by the record, the United States has complied with all notice and pleading requirements, no party has pled or appeared in this matter, and the time to do so has passed. The government has satisfied both Fed. R. Civ. P. 55(a) and 55(b) by having the Clerk of the Court enter a default against the potential interests of James Florencio, Alpha Dog Firearms, and all others in the defendant property.

**BACKGROUND**

The United States filed a Verified Complaint for Forfeiture *in Rem* ("the Complaint") on November 17, 2023, pursuant to Supplemental Rule G(2). Doc. 1. The Complaint alleges the defendant property was involved in a violation of the provisions of 18 U.S.C. §§ 922(a)(6) and 924(a)(1)(A), and subject to forfeiture pursuant to 18 U.S.C. § 924(d).

Pursuant to Supplemental Rule G(3), the Clerk issued a Warrant for Arrest *in Rem* for the defendant property. Doc. 3. The Bureau of Alcohol, Tobacco, Firearms and Explosives executed the warrant and arrested the defendant property on November 21, 2023. Doc. 3.

The government notified any unknown potential claimant of this proceeding by publishing notice on its official internet forfeiture site (www.forfeiture.gov) beginning on November 21, 2023, and ending December 20, 2023. The notice was posted for at least 30 days as required by Supplemental Rule G(4)(a)(iv)(C). The Notice of Publication was filed on January 2, 2024. Doc. 5. The government may rely on publication when direct notice to a potential claimant is not possible. *Johnson v. United States*, Case No. 1:03-CV-00281-LJM VS., 2004 WL 2538649, at *4 (S.D. Ind. Oct. 24, 2004) (publication is adequate notice if direct notice is not possible). The deadline for any party to file a verified claim after publication was January 20, 2024. To date, no claim, answer or responsive pleading has been filed or served upon the government.

As required by Supplemental Rule G(4), on November 20, 2023, direct notice of this forfeiture action was sent to known potential claimants James Florencio and Alpha Dog Firearms. Doc. 5. The deadline for James Florencio and Alpha Dog Firearms to file a claim was December 25, 2023. Pursuant to the Court's May 3, 2024 order, Doc. 6, on May 13, 2024, the Government filed an Application for Entry of Default as to James Florencio, Alpha Dog Firearms, and all others upon their failure to file an answer or claim. Doc. 7. On May 15, 2024, the Clerk of Court entered Default as to potential claimants James Florencio, Alpha Dog Firearms, and all others. Doc. 8.

**ANALYSIS**

This civil *in rem* forfeiture proceeding is governed by Rule G of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). *See* Supplemental Rule G(1). Supplemental Rule G(5)(a)(i) requires that once the government has complied with subsections two through four of the Rule (setting forth the requirements for the complaint, judicial authorization and process and notice), "[a] person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending." Supplemental Rule G(5)(a)(ii)(A) requires, "[u]nless the court for good cause sets a different time," that the claim be filed "by the time stated in a direct notice sent under Rule G(4)(b)." This stated time must be within "at least 35 days after the notice is sent." Supplemental Rule G(4)(b)(ii)(B). Where the government published notice, a claimant who was not sent direct notice may file a claim "no later than 60 days after the first day of publication on an official internet government forfeiture site." Supplemental Rule G(5)(a)(ii)(b). After filing a claim, "[a] claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing a claim." Supplemental Rule G(5)(b).

The government complied with its statutory notice obligations by executing process against the defendant property and serving its notice of forfeiture action on all persons believed to have an interest in the defendant property, in addition to service by publication. No person has contested the allegations contained in the government's complaint and the time for doing so has passed. Therefore, the facts set forth in the complaint are sufficient to warrant the forfeiture of the defendant property.

In making the determination of whether to enter a default judgment, the Court can consider factors including the following: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy

underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). If the Court finds the factors weigh in favor of default judgment, it should enter such judgment.

With regard to the second and third *Eitel* factors, which concern the merits of a plaintiff's substantive claims and the sufficiency of the complaint, the government may prevail in a forfeiture action under 18 U.S.C. § 924(d) by proving, by a preponderance of the evidence, that the property was "involved in" conduct constituting providing materially false information to a Federal Firearms Licensee in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(1)(A). To show a violation of 18 U.S.C. § 922(a)(6), the government must establish

> (1) the seller was a licensed firearms dealer, importer, manufacturer, or collector; (2) the defendant made a false statement or furnished or exhibited false identification in connection with acquiring or attempting to acquire a firearm from the seller; (3) the defendant knew that the statement or identification was false; and (4) the false statement or identification was material, meaning that it had a natural tendency to influence, or was capable of influencing, the seller into believing that the firearm could be lawfully sold to the defendant.

*United States v. Padilla*, 749 F. App'x 609, 609-20 (9th Cir. 2019). The elements of 18 U.S.C. § 924(a)(1)(A) are "(1) the defendant knowingly made a false statement or representation; and (2) the statement pertained to information required by law (specifically, Title 18, United States Code, Part I, Chapter 44) to be kept in the records of a person licensed as a firearms dealer, importer, manufacturer, or collector." *Id*. at 910.

When the government's theory of forfeiture "is that the property was used to commit or facilitate the commission of a criminal offense," or was involved in the commission of a criminal offense, it also must establish a substantial connection between the property and the offense. *See* 18 U.S.C. § 983(c)(3). The government can meet its burden based on the aggregate of the facts, including any circumstantial evidence. *See*

*United States, U.S. $42,500,* 283 F.3d 977, 980 (9th Cir. 2002). The factual allegations contained in the Complaint, Doc. 1, satisfy the government's burden of proof of a substantial connection between the defendant property and the offense, as James Florencio provided materially false information to a Federal Firearms Licensee ("FFL") in the course of acquiring the defendant property.

The following summarizes some of the evidence presented in the Complaint that shows the nexus between the defendant property and the offenses. The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Special Agents (SA) received information regarding a suspicious firearm purchase made by James Florencio ("Florencio") in relation to an ongoing investigation. Doc. 1 ¶ 7. ATF contacted FFL Alpha Dog Firearms located in Tempe, Arizona, and learned Florencio attempted to purchase a FNH USA, LLC M249S Rifle CAL:556, Serial Number M249SA09203. Doc. 1 ¶ 8. Florencio paid a total of $19,458.00 in U.S. currency for the defendant property on July 14, 2023. Doc. 1 ¶ 9. According to the State of Arizona, Florencio's last reported wages were in the first quarter of 2003, and he made approximately $5,659.68. Doc. 1 ¶ 11.

On July 17, 2023, SAs Cunningham and Cauble attempted to contact Florencio at the residence he listed on Form 4473, 2055 E. Hampton Ave., Mesa, Arizona 85204. Doc. 1 ¶ 12. SAs contacted the apartment manager of 2055 E. Hampton Ave., and learned Florencio no longer lived in the apartment complex. Doc. 1 ¶ 13. The apartment manager told SAs Florencio moved out of Apartment #141 on December 27, 2021, and provided a move-out statement for Florencio confirming the date he moved out. Doc. 1 ¶¶ 14-15.

ATF SAs took the defendant property into custody at FFL Alpha Dog Firearms on July 17, 2023. Doc. 1 ¶¶ 17-19. On July 19, 2023, Florencio contacted SA Cunningham via phone and agreed to speak with SAs at the ATF office in downtown Phoenix. Doc. 1 ¶ 22. On July 20, 2023, Florencio told the SAs that he had purchased the defendant property on July 14, 2023, but did not know the manufacturer or make of the firearm. Doc. 1 ¶¶ 23-27. Florencio stated the defendant property was the second firearm he had

ever purchased, the first being a Glock 9mm pistol a couple months prior bought for home protection. Doc. 1 ¶¶ 28-29. Florencio stated he purchased the defendant property because he and a friend played a video game that had the M249S in it, and he liked that firearm. Doc. 1 ¶ 30. Florencio said his friend did some research and found out where Florencio could buy an M249S. Doc. 1 ¶ 31.

Florencio claimed to have saved money over time to purchase the firearm, and kept the cash used for the purchase in his home. Doc. 1 ¶¶ 35, 40. When confronted with his last reported wages, $5,659.68 earned as a truck driver in the first quarter of 2023, Florencio said he had been fired and was driving for Uber and Lyft. Doc. 1 ¶¶ 36-37.

SA Cunningham asked Florencio why he put an incorrect address on the ATF Form 4473 (Firearms Transaction Record). Doc. 1 ¶¶ 41, 60. Florencio stated he only had an Arizona identification with his old address on it, and while trying to find a utility bill showing his current address, the FFL employee conducting the transaction hinted to Florencio to put the address listed on his identification down. Doc. 1 ¶¶ 41-42. Florencio did not deny that he used a false address when filling out ATF Form 4473.

Prior to the transfer of a firearm from an FFL, the buyer must complete ATF Form 4473. Doc. ¶ 60. The FFL is required to keep a copy of the ATF Form 4473 in its records *Id*. ATF Form 4473 requires the purchaser to provide information regarding his/her identity, and answer, among others, the following questions: (a) whether he/she is the actual transferee/buyer of the firearms (the form notifies the transferee/buyer that he/she is not the actual transferee/buyer if he/she is acquiring the firearm on behalf of another person); and (b) whether he/she has ever been convicted in any court of a felony or any other crime for which the judge could have imprisoned him/her for more than one year, even if he/she received a shorter sentence including probation. Doc. 1 ¶ 61. ATF Form 4473 also requires the buyer to certify, among other things, (a) that his/her answers are true, correct and complete; (b) that he/she understands that making false statements on the form is a crime; and (c) that he/she understands that if he/she answers in the affirmative to certain questions, including the question about having been convicted of a

felony stated in paragraph 14(a) above, that he/she is prohibited from receiving or possessing a firearm. Doc. 1 ¶ 62.

Florencio completed and signed ATF Form 4473 for his purchase of the defendant property from Alpha Dog Firearms. Doc. 1 ¶ 63. On the form, Florencio stated he was the actual transferee/buyer of the defendant property and identified his current state of residence and address as 2055 E. Hampton Ave., Mesa, AZ 85204. Doc. 1 ¶ 64. Florencio's current address at the time of the purchase was 102 W. Palomino Dr., Apt. 25, Chandler, AZ 85225-7719. Doc. 1 ¶ 65. Florencio answered "yes" to question 21a on the form and signed his name certifying his ATF Form 4473 in Block 22. Doc. 1 ¶ 66.

The Complaint supplies ample facts showing that James Florencio knowingly made a materially false statement and furnished false identification to a Federal Firearms Licensee in connection with the purchase of a firearm, and that Florencio was aware of the information's falsity. A buyer's address, along with the other information that an FFL is required to collect and keep, is material to the sale's lawfulness. *United States v. Buck*, 548 F.2d 871, 876 (9th Cir. 1977). The allegations in the Complaint therefore establish that the defendant property was involved in a violation of 18 U.S.C. § 922(a)(6).

The Complaint also contains allegations sufficient to show that the defendant property was involved in a violation of 18 U.S.C. § 924(a)(1)(A). Florencio did not deny that he entered a false address on ATF Form 4473 when purchasing the defendant property. A buyer's address, and Form 4473, is information that an FFL is required by law to keep in its records. *United States v. Johnson*, 680 F.3d 1140, 1147 (9th Cir. 2012). Accordingly, the second and third *Eitel* factors weigh in favor of default judgment.

The remaining *Eitel* factors also weigh in favor of granting the government's motion for default judgment. Regarding the first factor, possible prejudice to plaintiff, denying the motion would unduly prejudice the government because it would be required to litigate this action even though no potential claimant has appeared to contest this forfeiture. *See United States v. $27,800 in U.S. Currency*, Case No. 17-CV-00533-AJB-KSC, 2017 WL 6345394, at *4 (S.D. Cal. Dec. 8, 2017) (*citing United States v.*

*Approximately $28,000 in U.S. Currency*, Case No. 09-5377 SC., 2010 WL 1340110, at *4 (N.D. Cal. Apr. 5, 2010) (pointing out prejudice where the government would have to expend further time and effort in an action that has no opposing party)).

The fourth *Eitel* factor, "the sum of money at stake," does not weigh against entry of a default judgment. A firearm purchased off-the-shelf for $19,458.00 is a valuable asset, but not an excessively valuable or unique one. The fifth *Eitel* factor, "the possibility of a dispute concerning material facts," warrants entry of a default judgment. No claim or answer has been filed, so there is no possibility of a factual dispute by any potential claimant. *See $27,800 in U.S. Currency*, 2017 WL 6345394, at *4.

Regarding the sixth *Eitel* factor, no evidence exists to suggest that the default was due to excusable neglect by any potential claimant and the government has complied with all noticing requirements. Finally, although cases should be decided on the merits, when possible, as the seventh *Eitel* factor reflects, neither James Florencio, Alpha Dog Firearms nor any other potential claimant has filed a claim or an answer making a decision on the merits here "impractical, if not impossible." *See $27,800 in U.S. Currency*, 2017 WL 6345394, at *4 (citing *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)).

**CONCLUSION**

Due to the failure of any party to plead or otherwise defend in this action, the Government requests a judgment by default against the interests of James Florencio, Alpha Dog Firearms, and all others in defendant FNH USA, LLC M249S Rifle CAL:556, Serial Number M249SA09203, in favor of the United States. A proposed judgment is attached.

Respectfully submitted this 23rd day of May, 2024.

> GARY M. RESTAINO
> United States Attorney
> District of Arizona
>
> /S/ *Joseph F. Bozdech*
> JOSEPH BOZDECH
> Assistant United States Attorney

**CERTIFICATION**

I hereby certify that on May 23, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing.

By: */S/ Tina Keoni*