WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>FNH USA LLC, M249S Rifle CAL: 556, SN:M249SA09203,<br><br>    Defendant. | No. CV-23-02416-PHX-ROS<br><br>**ORDER** |

Plaintiff United States of America filed this suit seeking forfeiture of a firearm James Florencio purchased using an incorrect home address. (Doc. 1). After no claimant appeared, the United States filed a motion for default judgment regarding "the interests of James Florencio, Alpha Dog Firearms, and all others in" the firearm. (Doc. 9). The motion will be granted.

The following facts are taken from the verified complaint. On July 17, 2023, agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") "received information regarding a suspicious firearm purchase made by James Florencio" at a firearms dealer known as Alpha Dog Firearms. (Doc. 1 at 2). An ATF agent contacted Alpha Dog Firearms and learned Florencio had paid $19,458.00 in cash to purchase a FNH USA LLC, M249S Rifle CAL: 556, SN:M249SA09203 ("FNH Rifle"). Florencio did not immediately take possession of the FNH Rifle.

The same day the ATF agents received information regarding Florencio, they attempted to contact him at the apartment complex he had listed as his home address on

the paperwork he completed when purchasing the FNH Rifle. The manager of the apartment complex informed the agents Florencio had moved out on December 27, 2021. The agents went to Alpha Dog Firearms and took possession of the FNH Rifle. Two days later, Florencio contacted one of the agents and agreed to speak with the agents at a federal office.

On July 20, 2023, Florencio arrived at the federal office and spoke with the two ATF agents. Florencio admitted he purchased the FNH Rifle, but Florencio did not know the manufacturer or make of the firearm. Florencio stated the FNH Rifle was only the second firearm he had purchased. When asked why he had decided to purchase the FNH Rifle, Florencio said he played a video game that featured the rifle, and he liked the video game. The agents then "clarified with Florencio he spent approximately $20,000 on a firearm because he liked it in a video game." (Doc. 1 at 4). Florencio reiterated "that's why [I] bought it." (Doc. 1 at 4).

When asked how he could afford the FNH Rifle, Florencio stated he had saved money over time. The agents informed Florencio they had researched his income history and Florencio had earned only approximately $5,600 during the first quarter of 2023. Florencio stated he was driving for Uber and Lyft to make additional money. However, when asked if his bank records would reflect saving up sufficient funds to buy the FNH Rifle, Florencio "struggled to answer." (Doc. 1 at 5). Finally, the agents asked Florencio why he had put an incorrect address on the paperwork when he purchased the FNH Rifle. Florencio stated he did so because the only identification he had at the time included his old address. The agents informed Florencio they would retain possession of the FNH Rifle and paperwork would be sent to his current address that would allow him to seek return of the firearm.

Based on the ATF agents' training and experience, straw purchasers often use cash to purchase firearms to avoid creating credit card transaction records. In addition, firearms such as the FNH Rifle "are highly sought after firearms by members of the Mexican Drug Trafficking Organizations as they can be readily converted to belt-fed machine guns."

(Doc. 1 at 6). The ATF agents concluded Florencio had been a straw purchaser for an unknown individual. The ATF commenced administrative forfeiture proceedings and Florencio filed a claim. The United States then filed the present action seeking forfeiture of the FNH Rifle. The complaint alleged forfeiture was appropriate pursuant to 18 U.S.C. § 924(d) because Florencio violated 18 U.S.C. § 924(a)(1)(A) by providing a knowingly false address when he purchased the FNH Rifle.

The United States sent notice of this forfeiture action to Florencio and Alpha Dog Firearms. The deadline for Florencio and Alpha Dog Firearms to file a claim was January 20, 2024. No claim was filed. The United States also notified any unknown potential claimants by publishing notice of this forfeiture action on the government's official internet forfeiture site. No other potential claimant filed a claim. On May 13, 2024, the United States applied for entry of default. Two days later, the Clerk of Court entered default "regarding the interests of James Florencio, Alpha Dog Firearms and all others in" the FNH Rifle. (Doc. 8 at 1). The United States then filed a motion for default judgment. (Doc. 9). No response was filed.

The Ninth Circuit has provided seven factors for courts to consider when deciding whether to enter default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The seven factors are: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Id.* Because no claimant has appeared in this case, the first, fifth, sixth, and seventh factors either weigh in favor of default judgment or are neutral. *See* CV-21-672-PHX-DWL (Sept. 24, 2024) (noting when no claimant appears the first, fifth, sixth, and seventh factors either support default judgment or are neutral). Therefore, determining whether default judgment should be entered depends on the analysis of the second, third, and fourth factors.

The second and third factors direct the Court to consider the merits of plaintiff's

substantive claim and the sufficiency of the complaint. The allegations in the verified complaint are sufficient to establish the FNH Rifle was used in connection with a violation of 18 U.S.C. § 924(a)(1)(A). That statute prohibits individuals from making false statements in connection with the purchase of a firearm. Florencio admitted to knowingly providing an incorrect address when he purchased the FNH Rifle. Therefore, the allegations in the complaint are sufficient to state a strong forfeiture claim and the second and third factors support entry of default judgment.

The fourth factor requires looking to the amount of money at stake. Here, the FNH Rifle was purchased for approximately $20,000. That is a sizeable amount, but "it is not especially remarkable or astronomical." CV-22-1573-PHX-SMM (Jan. 4, 2023). Thus, the amount of money at stake does not strongly weigh against entering default judgment.

Having considered the appropriate factors, entry of default judgment is appropriate. Accordingly,

**IT IS ORDERED** the Motion for Default Judgment of Forfeiture (Doc. 9) is **GRANTED**. Judgment by default is entered and the interests of James Florencio, Alpha Dog Firearms, and all others in FNH USA LLC, M249S Rifle CAL: 556, SN:M249SA09203 is forfeited to the United States of America in accordance with 18 U.S.C. §§ 922(a)(6), 924(a)(1)(A), and 924(d). The Clerk of Court shall enter a separate judgment.

**IT IS FURTHER ORDERED** Defendant property shall be disposed of according to law.

Dated this 17th day of June, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge